Filed 12/15/23  P. v. Lewis CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LONNIE LEWIS,<br><br>     Defendant and Appellant. | B328045<br><br>(Los Angeles County<br> Super. Ct. No. SA032791-02) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Mi Kim, under appointment by the Court of Appeal, and Lonnie Lewis, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 1999, defendant Lonnie Lewis (Lewis) was convicted of second degree murder and attempted murder after a jury trial.  His conviction was affirmed on direct appeal.  In 2022, Lewis filed a petition for recall and resentencing under former Penal Code section 1170.95.[1]  The trial court denied the petition, concluding Lewis was ineligible for relief as a matter of law.

On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Lewis submitted his own letter brief and requested that this court address one issue.  We address Lewis's issue and affirm the order.

## PROCEDURAL BACKGROUND

In 1999, a jury found Lewis guilty of second degree murder (Pen. Code, § 187, subd. (a); count 1) and attempted murder (Pen. Code, §§ 664/187, subd. (a); count 2).[2]  As to both counts, the jury found true the allegation that during the commission of the offenses a principal was armed with a firearm (§ 12022, subd. (a)(1)) but found not true the allegation that Lewis personally and intentionally discharged a firearm (§ 12022.5, subd. (a)(1)).  As to count 2, the jury found not true the allegation that the attempted murder was

---

[1]  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.

[2]  All undesignated statutory references are to the Penal Code.

2

willful, deliberate, and premeditated. (§ 664, subd. (a).) The court sentenced Lewis to 58 years to life in state prison.

In 2001, this court affirmed Lewis's convictions. (*People v. Lewis* (July 6, 2001, B138676) [nonpub. opn.].)

In March 2020, Lewis filed, in pro. per., a petition for resentencing under section 1172.6. The trial court denied the petition, without appointing counsel, finding that Lewis failed to establish a prima facie case that he was entitled to relief.

In March 2022, Lewis filed again, in pro. per., a petition for resentencing. The court appointed counsel. On January 6, 2023, the trial court summarily denied the petition, reasoning that the jury was instructed on aiding and abetting, that express malice was required for both counts 1 and 2, and that attempted murder requires intent to kill. The court also stated that the jury was not instructed on either felony murder, the natural and probable consequences doctrine, or any imputed-malice theory.

Lewis filed a timely notice of appeal.

## DISCUSSION

A. *Governing Principles*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Senate Bill No. 1437 (SB 1437) added section 189, subdivision (e) (limiting

3

application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime"). As amended by Senate Bill No. 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

SB 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder, attempted murder, or voluntary manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under the current law. (*Lewis*, *supra,* 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder, attempted murder, or voluntary manslaughter under the current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing. (*Strong*, at pp. 708–709; § 1172.6, subds. (b)(3), (c), & (d)(1).)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981, overruled in part on another ground in *Lewis, supra*, 11 Cal.5th at pp. 962–970.)

B. *Analysis*

In his letter brief, Lewis contends his right to due process was violated when his codefendants entered a plea during jury selection. Lewis argues the entry of his codefendants' plea during jury selection caused the prosecution to

change its theory of the case. This due process argument is a collateral attack on the judgment and outside the purview of section 1172.6 relief. (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "entitle[s a petitioner] to resentencing only if [the defendant] is able to make [a] prima facie showing that [the petitioner] 'could not be convicted . . . because of changes to [s]ection 188 or 189" and "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Because Lewis has not presented any cognizable arguments on appeal, we must affirm the trial court's order. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

## DISPOSITION

The trial court's postjudgment order denying Lewis's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

COLLINS, J.

5